UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREGORY F. MULLALLY,

           Plaintiff,

vs.

DANIEL A. JONES; et al.,

           Defendants.

Case No. 2:05-cv-00154-BES-GWF

**ORDER**

**Plaintiff's Emergency Motion Opposing Defendants' Claim for Bifurcation - #186**

      This matter is before the Court on Plaintiff's Emergency Motion Opposing Defendants' Claim for Bifurcation (#186), filed April 3, 2007; Defendants Mikohn Gaming Corporation and Progressive Games, Inc.'s Opposition to Plaintiff's Emergency Motion Opposing Defendants' Claim for Bifurcation (#192), filed on April 16, 2007; Defendants Jones' Joinder in Defendants Mikohn Gaming and Progressive Games, Inc.'s Opposition to Plaintiff's Emergency Motion Opposing Defendants' Claim for Bifurcation and Additional Opposition Brief (#193), filed on April 16, 2007; Progressive Games Partners, LLC and TableMax Defendants' Opposition to Plaintiff's Emergency Motion Regarding Bifurcation (#194), filed on April 16, 2007; and Plaintiff's Reply in Support of Emergency Motion Opposing Defendants' Claim for Bifurcation (#195), filed on April 18, 2007. The Court conducted a hearing in this matter on April 20, 2007.

**BACKGROUND**

      Plaintiff's original complaint, filed on February 4, 2005, alleged that he is the owner of the Internet patent or licensing rights to two gambling games, "Caribbean Stud Poker" and "21

Superbucks" which he purchased from Defendant Daniel Jones pursuant to a written contract entered into in June 1998. Plaintiff alleged that after the execution of the agreement, Defendant Daniel Jones, in concert with Defendants Don Jones and Games Marketing Limited, began selling licenses to others to use the "Caribbean Stud Poker" game on the Internet in violation of the rights obtained by Plaintiff under the contract. Plaintiff's complaint alleged a cause of action against Daniel Jones for breach of contract, and causes of action against Daniel Jones, Don Jones and Games Marketing Limited for unjust enrichment, conversion, civil conspiracy, patent infringement, declaratory relief, and constructive trust. In their answer filed on August 1, 2005, Defendants Daniel Jones and Don Jones alleged numerous affirmative defenses including that the patents under which Plaintiff alleges that he obtained Internet licensing rights to "Caribbean Stud Poker" and "21 Superbucks" were assigned to third persons prior to June 1998. Defendants also alleged as an affirmative defense that at the time of the June 1998 agreement, "any promise to deliver patent or license rights as described in Exhibit B [of the contract] were illusory since no Defendant owned or had title to those rights." *Answer* (#21), Affirmative Defenses, ¶ 26.[1]

Plaintiff filed his first amended complaint (#40) on May 4, 2006 in which he joined several additional defendants, including Mikohn Gaming Corp. ("Mikohn") and Progressive Games, Inc. ("PGI"). The first amended complaint alleged that after the execution of the June 1998 agreement, Defendants entered into a group of contracts pursuant to which they licensed the Internet use of the "Caribbean Stud Poker" game in violation of Plaintiff's rights. The first amended complaint also alleged causes of action for declaratory relief against several licensee defendants who were allegedly infringing on Plaintiff's intellectual property rights. In their answer filed on May 22, 2006, Defendants Daniel Jones, Don Jones and Games Marketing Limited alleged the same affirmative defenses set forth in their answers to the original complaint. *Answer to First Amended Complaint* (#81).

On July 12, 2006, Defendant Progressive Games Partners, LLC and TableMax filed an Emergency Motion to Stay Discovery on Liability and Damages and for Separate Trials on the Issue of

---

[1] Defendant Games Marketing Limited subsequently filed its answer (#31) on December 16, 2005, alleging the same affirmative defenses.

Ownership and the Issue of Liability and Damages (#117).  Defendants argued that bifurcation of the trial between the ownership and liability and damages issues pursuant to Fed.R.Civ.Pro. 42 would be in the interest of judicial economy because a determination that Plaintiff was not the lawful owner of the patent or Internet licensing rights to the games would avoid an unnecessary trial and discovery on Plaintiff's infringement claims.  Plaintiff did not oppose the emergency motion to bifurcate trial and stay discovery, but did oppose any change in the scheduling order which would have shortened the time for discovery on the ownership issue.  *See Plaintiff's Qualified Non-Opposition* (#129), filed July 31, 2006.  Based on the parties' agreement that bifurcation of trial and a stay of discovery was in the interest of judicial economy, the Court granted the motion and ordered that discovery and trial of the issue regarding ownership of the patents and related intellectual property rights shall proceed first, followed, if necessary, by discovery and trial of the issues of liability and damages for the alleged violation of Plaintiff's ownership rights.  *See Order* (#142), filed August 21, 2006.

On November 6, 2006, Plaintiff moved to further amend his complaint to allege causes of action against Daniel Jones for intentional misrepresentation, negligent misrepresentation and promissory fraud.  The gist of these claims is that if Defendant Daniel Jones was not the owner of the Internet rights to the games at the time of the June 1998 agreement, then he is liable to Plaintiff for fraud.  Defendant Jones opposed the motion to amend on the grounds that any claim for fraud is barred by the statute of limitations, and the proposed amended complaint would be futile.  The Court conducted a hearing on March 21, 2007 and granted Plaintiff's motion to amend the complaint because there are potential factual issues regarding application of the statute of limitations.  *See Order* (#183)  The Court also granted Plaintiff's request for an extension of discovery to May 22, 2007 to complete the remaining discovery relating to the ownership issues to be tried in the first phase of the trial.  *See Order* (#182).  In view of the amendment of the complaint to allege claims for fraud, the Court also requested that the parties address whether Plaintiff's fraud claims should be tried during the first phase of the trial or should be deferred for the second phase of trial after ownership is determined.  Trial of the fraud claims in the first phase would also require that any additional discovery relating to those claims be completed before the first trial.

. . .

# DISCUSSION

Fed.R.Civ.Pro. 42(b) provides that the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim or counterclaim, always preserving inviolate the right to trial by jury as declared by the Seventh Amendment to the United States Constitution.

The decision whether to bifurcate trial is committed to the sound discretion of the trial court. *Cook v. United Services Automobile Ass'n*, 169 F.R.D. 359, 361 (D.Nev. 1996), *citing Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). *Cook*, which concerned claims for breach of an insurance contract and insurance bad faith, notes that bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *Id.*, at 361 (citations omitted). *Cook* further notes that the decision to bifurcate trial does not necessarily require bifurcation of discovery. Bifurcation of discovery is also within the discretion of the court. *Id.,* at 362 (citations omitted). The burden of demonstrating the need for bifurcation of trial or discovery and that the opposing party will not be prejudiced is on the party seeking bifurcation. *Matsushita Electric Industrial Co., Ltd v. CMC Magnetics Corp.*, 2007 WL 219779 (N.D.Cal.) *2, *citing Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99 (N.D. Cal. 1992).

*Matsushita, supra,* states that "'[o]ne of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues.' *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) ." The interest of efficient judicial administration is controlling under the rule, rather than the wishes of the parties. *Matsushita, supra, citing* Wright & Miller, *Federal Practice and Procedure*, § 2388 (2d ed. pocket part 2006). "Courts consider several factors in determining whether bifurcation is appropriate, including separability of the issues, simplification of discovery and conservation of resources, prejudice to the parties, and the suitability of bifurcating trial but not discovery." *Boston Scientific Corp. v. Johnson & Johnson,* 2006 WL 3455009 (N.D.Cal.) *3, *citing Bates v. United Parcel Svc.,* 204 F.R.D. 440, 448 (N.D.Cal.2001); *F & G Scrolling Mouse L.L.C. v. IBM Corp.,* 190 F.R.D. 385, 387-392 (M.D.N.C.1999); *Kimberly-Clark Corp. v. James River Corp. of Va.,* 131 F.R.D. 607, 608 (N.D.Ga.1989) ("the paramount consideration must remain a fair and impartial trial to all litigants

1 through a balance of benefit and prejudice"). Additional factors include the complexity of the case,
2 whether needless delay will be created and whether any delay in filing the motion to bifurcate was a
3 tactical strategy. *Valois of America, Inc. v. Risdon Corporation,* 1998 WL 1661397 (D.Conn.) *3.

4   In this case, the Court has already bifurcated trial between the ownership issue and the liability
5 and damages issues based on Defendant Progressive Games' unopposed motion. The Court also stayed
6 discovery regarding the liability and damages issues pending the determination of ownership of the
7 patent and licensing rights. *See Order* (#142), filed August 21, 2006. In granting the motion to
8 bifurcate, the Court accepted the proposition that if Plaintiff does not succeed in establishing his
9 ownership rights in the Internet games, his infringement claims against the Defendants will be
10 dismissed thereby avoiding unnecessary discovery and trial on the infringement claims. Since that
11 order was entered, the parties have proceeded with discovery on the ownership issue which is now
12 substantially complete.

13   Plaintiff argues that the fraud claims are interrelated with the ownership issue and that
14 substantially the same evidence regarding the ownership issue will also be presented to establish his
15 fraud claims against Defendant Daniel Jones if the jury decides that Mr. Jones did not own the Internet
16 rights at the time of the June 1998 contract. Plaintiff argues that the same jury should decide both
17 issues, and that Plaintiff will be prejudiced if the fraud claim is tried separately and Plaintiff is required
18 to again present the same evidence to a second jury on the fraud claim. Plaintiff also argues that only
19 limited additional discovery, if any, should be necessary for Defendant Daniel Jones to prepare a
20 defense to the fraud claims.

21   Defendant Daniel Jones and Don Jones argue, however, that the factual elements required to
22 prove fraud or negligent misrepresentation are not limited to whether Defendant Jones owned the
23 Internet rights to the games at the time of the June 1998 agreement, but also involve disputed factual
24 issues of reliance, including what Plaintiff knew or should have known regarding Defendant's lack of
25 ownership at the time of the agreement, the parties' representations and intentions in the 1998
26 agreement, and the damages, if any, sustained by Plaintiff as a result of the alleged fraud. Additionally,
27 Defendants argue that additional discovery is necessary on these issues and to also determine when
28 Plaintiff knew or should have known of the facts constituting fraud or negligent misrepresentation for

5

1  purposes of determining whether his fraud claims are barred by the statute of limitations.

2        Co-Defendants Mikohn Gaming and Progressive Games/TableMax also oppose Plaintiff's
3  motion to try the newly alleged fraud claims with the ownership issue in the first trial phase.  These
4  Defendants point out they are not Defendants on the fraud claims and that if they prevail on ownership
5  issue, they will be dismissed from the lawsuit.  They argue that they should not be required to
6  participate in a fraud trial that does not pertain to the claims against them, and in particular oppose
7  delaying the completion of discovery and the commencement of trial on the ownership issue while the
8  Jones Defendants and possibly the Plaintiff conduct or repeat previous discovery to explore the fraud
9  claims.  Co-Defendants also state that they will be required to participate in such discovery because of
10 the possibility that additional testimony or evidence may be developed relating to ownership issues.

11       Plaintiff is, of course, correct that whether Defendant Jones owned the Internet rights to the
12 games at the time of the June 1998 agreement is a material element of his fraud claims.  Defendants are
13 likewise correct that the focus of the fraud claims is also on what the parties knew or should have
14 known regarding Defendant's ownership rights at the time of the agreement as it relates to their
15 intentions and the representations and warranties made by Defendant Jones in the contract.  If this case
16 involved only Plaintiff's claims against Defendant Daniel Jones and a motion to bifurcate was before
17 the Court in the early stages of discovery, it is doubtful that the Court would bifurcate trial and
18 discovery of these overlapping, but not identical issues.  In this case, however, the Court granted an
19 unopposed motion to bifurcate the ownership issue from the liability and damages issues on August 1,
20 2006, and the parties have proceeded with discovery in the expectation that the first phase of trial would
21 be limited to the ownership issue.  The Mikohn Gaming and Progressive Games/TableMax Defendants,
22 in particular, have a reasonable and strong interest in maintaining the limitation on the first trial phase
23 because they are not sued on the fraud claim, and if Defendants prevail on the ownership issue, they
24 will be dismissed from the lawsuit.

25      The Court also finds that while Plaintiff had not yet alleged his fraud claims, he and/or his
26 counsel were on notice of the basis for those claims at the time Plaintiff consented to the bifurcation
27 motion.  In his motion to amend the complaint filed in November 2006, Plaintiff generally alleged that
28 "during the course of this litigation," he learned that Daniel Jones and/or the other Defendants assert

1  that Daniel Jones was not the owner of the Internet rights to games at the time of the June 1998
2  agreement.  This discovery formed the basis for Plaintiff's second motion to amend his complaint to
3  allege the fraud claims nearly two years after his original complaint was filed.  *See Plaintiff's Motion*
4  *for Leave to Amend* (#150), page 2.  In their answer to Plaintiff's original complaint filed on August 1,
5  2005, however, Defendants Daniel Jones and Don Jones alleged that the patents rights to the games
6  were assigned to third persons prior to June 1998, and Defendants further alleged that "any promise to
7  deliver patent or license rights as described in Exhibit B [of the contract] were illusory since no
8  Defendant owned or had title to those rights."  These affirmative defenses were repeated in Defendants'
9  subsequent answer to the first amended complaint filed on May 22, 2006.  The Court, therefore, finds
10 that Plaintiff should have raised the potential need to litigate and conduct discovery regarding fraud or
11 negligent misrepresentation in response to Defendant's motion to bifurcate.  Having failed to do so, and
12 because parties have proceeded through discovery on the basis that the initial trial will be limited to the
13 ownership issue, the Court concludes that the first phase of the trial should not now be expanded to
14 include Plaintiff's subsequently alleged fraud claims which, in fairness, probably require some
15 additional discovery and re-deposing of parties or witnesses who have already been deposed on the
16 ownership issue.

17       Although some prejudice arguably results to Plaintiff by being required to present some of the
18 same evidence on ownership to the jury in the second trial, the Court finds, in the circumstances of this
19 case, that Plaintiff will not be deprived of a fair trial on the fraud claim.  The Court further finds that
20 any such prejudice is outweighed by prejudice and inconvenience to all Defendants, and the loss of
21 judicial economy if discovery must be further extended and/or repeated prior to the trial of the
22 ownership issue.  Additionally, the Court finds that Plaintiff's failure to raise this issue in opposition to
23 Defendant's motion to bifurcate, when Plaintiff was on notice of the basis for his fraud claims, militates
24 against trying the fraud claims with the previously bifurcated ownership issue.  Accordingly,

25       **IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion Opposing Defendants' Claim
26 for Bifurcation (#186) is **denied.**  As previously ordered by the Court, the first phase of trial in this case
27 shall be limited to ownership of the patents and related intellectual property rights followed, if
28 necessary, by discovery and trial of the issues of liability and damages for alleged violations of

Plaintiff's ownership rights.

**IT IS FURTHER ORDERED** that the bifurcation of trial and discovery in this case is modified, in light of the Second Amended Complaint alleging claims for intentional misrepresentation, negligent misrepresentation and promissory fraud as follows: If Defendants prevail on the issue of ownership, then discovery and trial on Plaintiff's causes of action against Defendant Daniel Jones for breach of contract, intentional misrepresentation, negligent misrepresentation and promissory fraud shall thereafter proceed.

DATED this 20th day of April, 2007.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE