UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREGORY F. MULLALLY,

    Plaintiff,

vs.

DANIEL A. JONES et al.,

    Defendants.

Case No.: 2:05-cv-00154-GMN-GWF

ORDER

This case arises out of Defendants' continued sale of licenses to use a gambling program on the Internet, allegedly in contravention of an agreement transferring those rights exclusively to Plaintiff. Pending before the Court are Defendant Daniel A. Jones's Motion in Limine (ECF No. 322) to exclude certain exhibits and witnesses not timely disclosed and Motion to Dismiss (ECF No. 323) for failure to comply with a court order requiring submission of proposed jury instructions. For the reasons given herein, the Court grants the Motion in Limine (ECF No. 322) in part and denies the Motion to Dismiss (ECF No. 323).

**I.    FACTS AND PROCEDURAL HISTORY**

In early 1998, Defendant Daniel A. Jones represented to Plaintiff Gregory F. Mullally that he owned the Internet rights to online casino games called "Caribbean Stud Poker" and "21 Superbucks") (collectively, "the Games"). (Second Am. Compl. ¶ 13, ECF No. 184). Jones and Mullally entered into an agreement under which Mullally purchased the Games and the exclusive

right to distribute them worldwide in exchange for $100,000 and two-thirds of the revenues from the Games. (*Id.* ¶¶ 14–17). Despite the agreement, Jones and his son, Defendant Donald W. Jones, began selling licenses to the Caribbean Stud game through their company Defendant Games Marketing Limited. (*Id.* ¶ 19). Several other defendant companies allegedly conspired with the Joneses to acquire licenses to use the Games on the Internet despite knowing that Plaintiff had an exclusive license, and a complex string of licensing to other entities resulted. (*Id.* ¶ 20–23).

In 2005, Plaintiff sued Daniel A. Jones, his son Don W. Jones (collectively, "the Joneses"), and Games Marketing Limited in this Court on seven causes of action: (1) breach of contract; (2) unjust enrichment; (3) conversion; (4) civil conspiracy; (5) patent infringement; (6) declaratory relief; and (7) constructive trust. (*See* Compl., ECF No. 1). Plaintiff twice filed a First Amended Complaint in 2006, joining seventeen additional Defendants and adding an eighth cause of action for declaratory relief. (*See* First Am. Compl., ECF Nos. 40, 69). The Joneses filed a counterclaim against Plaintiff along with their answer, appearing to allege a breach of settlement agreement by having filed the present lawsuit. (*See* Answer and Countercl., ECF No. 80). Defendants Progressive Games Partners, LLC, TableMax Holdings, LLC, TableMax International, LLC, TableMax Manufacturing, LLC, TableMax North America, LLC, TableMax Partners, LLC, TableMax CA, LLC, and WagerWorks, Inc. (collectively, "the TableMax Defendants") also filed a counterclaim against Plaintiff along with their answer for: (1) declaratory relief; (2) intentional interference with contractual relations ("IICR"), and (3) tortuous interference with prospective business ("TIPB").

In 2007, Judge Brian E. Sandoval dismissed for lack of personal jurisdiction all claims against Defendants KDMS International, LLC, RealTime Gaming Holding Co., LLC, and Boss Media, AB. (*See* Order, Feb. 28, 2008, ECF No. 171; Order, Feb. 28, 2007, ECF No. 172).

Shortly thereafter, Plaintiff filed the Second Amended Complaint ("SAC"), which lists only eleven Defendants in addition to the original three, and which adds a ninth cause of action for intentional misrepresentation, a tenth cause of action for negligent misrepresentation, and an eleventh cause of action for "promissory fraud." (*See* Second Am. Compl., ECF No. 184). The TableMax Defendants answered, adding a fourth counterclaim for abuse of process. (*See* TableMax Answer and Countercl., ECF No. 200). Donald W. Jones answered, but although the title of his answer indicated he also intended to plead counterclaims, no counterclaims are found therein. (*See* Donald W. Jones Answer and Countercl., ECF No. 202). Games Marketing Limited answered, adding but although the title of the answer indicated it also intended to plead counterclaims, no counterclaims are found therein. (*See* Games Answer and Countercl., ECF No. 203). Daniel A. Jones answered, and he included the counterclaim originally pled by the Joneses that appears to allege a breach of settlement agreement. (*See* Daniel A. Jones Answer and Countercl., ECF No. 204). The TableMax Defendants then amended their answer and counterclaim, pleading the same four counterclaims as in their original answer to the SAC. (*See* TableMax Am. Answer and Countercl., ECF No. 207).

In the meantime, the Magistrate Judge reaffirmed his previous decision to bifurcate the trial between the issues of ownership of the intellectual property rights on the one hand and liability and damages on the other hand. (*See* Mag. J. Order, Apr. 24, 2007, ECF No. 198). The first phase of the trial will be to determine ownership of the Patents and any related intellectual property rights; the second phase, if necessary, will consist of discovery and issues of liability and damages. (*See id.*).

In a sealed order issued in November 2009, Judge Sandoval granted defensive summary judgment to the Joneses, Games Marketing Limited, Mikohn Gaming Corporation, Progressive Games, Inc., Progressive Games Partners, LLC, TableMax Holding, LLC, TableMax Partners,

LLC, TableMax CA, LLC, and WagerWorks, Inc. in part, ruling that: (1) the Agreement was not unenforceable for illegality; (2) the Agreement did not fail for indefiniteness; (3) the Agreement was not void under the statute of frauds; (4) there was a question of fact whether Daniel Jones had waived a condition precedent to his performance under the Agreement; (5) the discovery rule prevented dismissal under the respective statutes of limitations, because there was a question of fact as to when Plaintiff discovered certain facts supporting his claims; and (6) Defendants were entitled to summary judgment on Plaintiff's claims for breach of contract, unjust enrichment, conversion, civil conspiracy, patent infringement, declaratory relief, and constructive trust, because Daniel Jones had already sold the Internet Rights to the Games and no longer owned them when he sold certain rights to Plaintiff. (*See* Order, Nov. 14, 2008, ECF No. 250).  The Court noted that Plaintiff and Daniel Jones may have entered into the Agreement based on a mistake of fact (that Daniel Jones still owned the rights to the Games), whether unilateral or mutual, but declined to make any findings or rulings on the issue because the parties had not addressed it. (*See id.*).  Finally, the Court noted that the patent infringement claim failed for the additional reason that Mullally lacked standing to sue under the Patent Act; even if he were an exclusive licensee as he claimed, he had no standing to sue unless he held "all substantial rights to the patent."  There was no dispute that Mullally was himself neither the patentee nor the assignee of the relevant patents.  Only the ninth through eleventh causes of action, as against Daniel Jones, survived this order. (*See id.*).  The Court entered judgment in January 2009. (*See* J., Jan. 29, 2009, ECF No. 264).

Accordingly, the case now consists of a relatively simple two-party action between Mullally and Daniel A. Jones ("Jones") with three causes of action: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) and "promissory fraud."  Judge Sandoval vacated the previous pre-trial bifurcation order, as the only remaining claims were for damages,

and a jury trial had been demanded. (*See* Order Stip., Dec. 22, 2008, ECF No. 255). Jones has since filed a new Answer and Counterclaim (ECF No. 280), pleading two counterclaims for (1) release and (2) mutual mistake of fact, rescission, and reformation, which appear in fact to be affirmative defenses as opposed to affirmative counterclaims. The affirmative defense of the respective statutes of limitations is still at issue, as well.

Judge Robert C. Jones ruled orally on several motions in limine. The case was reassigned to this Court on June 3, 2010. Daniel A. Jones has since filed a motion in limine, asking the Court to exclude certain witnesses and evidence not timely disclosed. He has also moved to dismiss for failure to comply with a court order regarding jury instructions.

## II.     LEGAL STANDARDS

### A.     Dismissal for Failure to Comply with a Court Order

Rule 41(b) permits a court to involuntarily dismiss a case upon motion, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b).

### B.     Motions in Limine

A motion in limine is a procedural device to obtain an early, preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed. 2009). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler*

*Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence.  *See C&E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

"[C]ourts of appeals afford broad discretion to a district court's evidentiary rulings." *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

### III. ANALYSIS

#### A. Dismissal for Failure to Comply with the Court's Order

Judge Jones' Pretrial Order Regarding Trial (ECF No. 292) issued on February 3, 2010 and instructed Plaintiff to submit, inter alia, proposed jury instructions by April 27, 1010.  On

April 26, 2010, Plaintiff filed a Motion to Extend Time (ECF No. 304), which has been denied as moot. On April 29, 2010, Judge Jones entered an order rescheduling trial from May 10, 2010 to August 24, 2010 without extending the deadlines under the original trial order. On April 30, 2010, Plaintiff filed an Amended Trial Brief (ECF No. 311) but did not include or separately file proposed jury instructions. Plaintiff has since filed proposed jury instructions, as has Jones. The order required that "[a]n original and two (2) copies of all instructions requested by either party shall be submitted to the clerk for filing on or before: April 26, 2010." (Pretrial Order 56:16–17, ECF No. 292). This is not an affirmative command but simply notification of a deadline. Of course, a party who fails to submit its desired instructions by the deadline cannot be heard to complain that its desired instructions have not been adopted by the court. But the Court will not dismiss for failure to timely submit proposed jury instructions.

### B.     The Motion in Limine

Defendant asks the Court to exclude Plaintiff's Exhibits 4, 12–24, 29, 35, 45, 51, 52, 55–64, 67, 68, 74–77, 84, and 91–93, as well as Plaintiff's Witnesses Kevin Hoff, William Holtz, John J. Laxague, Brandon Barkhuff, Derek J. Webb, Eric Abbott, and David Sklansky, as they were not disclosed during discovery. Defendant also asks the Court to exclude any evidence of damages, as Plaintiff failed to timely provide a computation of damages, as required by Rule 26(a) and this Court's order.

If a party fails to timely disclose information or identify a witness, it may not use that information of witness at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Defendant notes that Plaintiff previously moved to reopen discovery, (*see* Emerg. Mot. Reopen Disc., ECF No. 315), and the Magistrate Judge denied that motion on May 26, 2010, (*see* Hr'g, May 26, 2010, ECF No. 319). At that hearing, the Magistrate Judge stated that he would not reopen discovery—which had closed in August 2009—at this late stage. (*See*

*id.* 9:38 a.m.). Plaintiff argued that his former attorneys had told him they disclosed all of the information, including the damages computation. Plaintiff could not believe that his former attorneys failed to produce this information, but he had asked to reopen discovery for the purposes of disclosing whatever Defendant requested. The Magistrate Judge noted that Judge Robert C. Jones had already granted a motion to exclude untimely disclosed evidence at an April 26, 2010 hearing, but that a written order had not issued. The Magistrate Judge then ruled that he would not reopen discovery to allow Plaintiff to adduce documents that were not previously produced. He noted that he was not ruling that documents not already produced could not be adduced. He suggested that the parties attempt to resolve the situation.

Because a motion identical or nearly identical in substance to the present motion has already been granted orally on the record, (*see* Hr'g, Apr. 26, 2010, ECF No. 309 (granting Mot. Limine, ECF No. 296)), and because it appears that the objected-to documents are not bates stamped or are bates stamped from different litigation, the Motion in Limine (ECF No. 322) is granted in part. Plaintiff may not use the objected-to exhibits. However, the exclusion of damages is different. Judge Jones held that motion in abeyance. (*See* Hr'g, Apr. 26, 2010, ECF No. 309). Plaintiff provided a calculation. Defendant admits that Mullally disclosed a calculation of damages during a deposition in 2006 when he alleged that the Joneses and others were making over $50,000 per month through licensing the Games without paying Mullally his one-third of these proceeds under the agreement. (*See* Mot. Limine 5–7, April 2, 2010, ECF No. 298). Defendant was on notice of this calculation of damages during the discovery period. Mullally need not attempt to identify a sum certain for a measure of damages that it may require a jury to calculate. He put Defendant on notice of the measure of damages he claims during discovery.

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion in Limine (ECF No. 322) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 323) is DENIED.

DATED this 9th day of August, 2010.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE