UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY F. MULLALLY,<br><br>  Plaintiff,<br><br>vs.<br><br>DANIEL A. JONES et al.,<br><br>  Defendants. | Case No.: 2:05-cv-00154-GMN-GWF<br><br>**ORDER** |

Pending before the Court is Plaintiff Gregory Mullally's Motion to Reconsider (ECF No. 354) the Court's Order of August 9, 2010 (ECF No. 348), which excludes a number of exhibits from the upcoming trial in the above-captioned case. For the reasons that follow, Plaintiff's motion for reconsideration is granted in part and denied in part.

**I. PROCEDURAL HISTORY**

This case arises out of Defendant Daniel Jones's sale of licenses to use gambling programs on the Internet, allegedly in contravention of an agreement transferring those rights exclusively to Plaintiff Gregory Mullally. The trial in this lawsuit is set to begin on August 24, 2010. Although at one time both parties were represented by counsel, Plaintiff is now representing himself in this action. (*See* Letter from G. Mullally, Aug. 3, 2009, ECF No. 287.)

In preparation for trial, the Court recently entered an order (Order, Aug. 9, 2010, ECF

No. 348) on a motion in limine filed by Defendant (Mot. in Limine, July 12, 2010, ECF No. 322). This order excluded a large number of Plaintiff's proposed exhibits and witnesses, on the basis that Plaintiff had failed to make the proper Rule 26(a) disclosures with regard to them before the close of discovery. (Order 7–9, ECF No 348.) At a pretrial hearing held on the same day that the order was entered, Plaintiff asked how he could go about trying to convince the Court that he had properly disclosed to Defendant some of the excluded exhibits, and the Court informed him that he could file a Motion for Reconsideration. (*See* Hr'g, Aug. 9, 2010, ECF No. 349.) Plaintiff then brought this motion, asking the Court to reconsider some of the exhibits it excluded via its August 9, 2010 order. (*See* Mot. for Recons., ECF No. 354.)

**II. DISCUSSION**

    **a. Standard for Motions to Reconsider**

So long as it retains jurisdiction over a case, a trial court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by [the court] to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted). Consequently, all rulings of a trial court are subject to revision and reconsideration by the trial court at any time before the entry of judgment. *U.S. v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004).

A motion to exclude exhibits is an interlocutory order, as it does not constitute a final resolution of the lawsuit. It is therefore within the Court's discretion to review this motion to reconsider.

    **b. Exhibits with regard to which Defendant withdrew his objections**

Plaintiff contends that several exhibits should not have been excluded because

1  Defendant withdrew his objections to those exhibits prior to the Court entering its August 9,
2  2010 Order. (Mot. for Recons. 6:8–15, 9:5–8, ECF No. 354.)  Specifically, Plaintiff argues that
3  Defendant had retracted his objections with regard to Exhibits 45(52); 46(52); and 69(77).[1] (*Id.*)
4  Plaintiff is correct in this assertion. (*See* Reply to Resp. to Mot. in Limine 5:18–21, 8:7, July 30,
5  2010, ECF No. 344; Resp. to Mot. for Recons. 3:24–4:2, ECF No. 357.)  Accordingly, the Court
6  withdraws its order to exclude Exhibits 45(52); 46(52); and 69(77) from trial.  The Court also
7  withdraws its order to exclude Exhibit 60(67) because, although Plaintiff did not request
8  reconsideration as to that exhibit, Defendant abandoned his objection to it prior to the Court
9  entering its August 9, 2010 Order, (*see* Reply to Resp. to Mot. in Limine 7:21–22, ECF No. 344).

    **c. Other exhibits**

The other excluded exhibits that Plaintiff wishes the Court to reconsider are treated below:

Exhibit 8(13): Plaintiff claims that he produced this document during the course of discovery. (Mot. for Recons. 3:8–15, ECF No. 354.)   However, Plaintiff does not provide any evidence that he produced it other than his assertion that he did and a handwritten number on the top of the document.  This unsupported allegation and handwritten number are insufficient to show that this document was produced or disclosed to Defendant, particularly when Defendant adamantly claims that it was not, (Resp. to Mot. for Recons. 4:9–14, ECF No. 357).

If a party fails to timely disclose information or identify a witness, it may not use that information or witness at trial unless the failure was substantially justified or harmless. Fed. R.

---

[1] For the purposes of this Order, the exhibit number listed outside of the parentheses corresponds to the exhibit's number as listed in Plaintiff's revised numbering scheme.  The number inside of the parentheses corresponds to what Plaintiff refers to as his "original" or "historical" exhibit list.  The Court's August 9, 2010 Order (ECF No. 348) references exhibits according to Plaintiff's original/historical list.

Civ. P. 37(c)(1).  No such substantial justification or lack of harm was present here.  Accordingly, this exhibit remains excluded.

Exhibit 12(17):  This is another document with a handwritten number on it that Plaintiff claims to have produced. (Mot. for Recons. 3:16–19, ECF No. 354.)  This document is a bit different, though, in that it is addressed to Defendant. (*Id*.)  However, the person to whom it is addressed matters little, as Plaintiff has failed to prove that it was produced in a timely fashion and, thereby, has failed to show that Defendant was on notice that it might be used and had sufficient time to look into the validity and significance of this document.  The exhibit remains excluded.

Exhibits 13(19); 14(20); and 15(21):  These are photocopies of checks that, by Plaintiff's admission, he did not directly produce to Defendant. (Mot. for Recons. 3:20–4:4, ECF No. 354.)  Plaintiff claims, however, that they should not be excluded because he referenced these and other checks in answering Defendant's first set of interrogatories. (*Id*. at 3:20–21.)  Plaintiff also contends that he offered to produce the checks but that Defendant rejected his offer, preferring instead to subpoena Plaintiff's bank directly. (*Id*. at 3:22–23.)  Defendant admits to having acquired the checks by subpoena, but argues that he did so because Plaintiff failed to produce them. (Resp. to Mot. for Recons. 5:8–15, ECF No. 357).  Thus, although Defendant did not obtain copies of the checks via production on the part of Plaintiff, Defendant does appear to have gotten copies of these checks during discovery and, consequently, had time to research their validity and significance.

Under Rule 37(c)(1), a Court may allow a party to use evidence that it did not disclose if that failure to disclose was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).  In determining whether the failure was substantially justified or harmless, a court considers: (1) the

surprise to the party against whom the evidence would be offered; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Del, L.P. v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005). Here, Defendant will not suffer any surprise, as he recognized that the checks were important enough to the litigation that he acquired them via subpoena from the bank, nor will the exhibits unduly disrupt the trial. Accordingly, the Court withdraws its order to exclude from trial Exhibits 13(19); 14(20); and 15(21).

Exhibits 16(22 & 23) and 18(22 & 23): Both of these exhibits contain data generated by Quicken accounting software. Specifically, they seem to be arrangements of accounting data generated by an interactive feature within the Quicken software called "Quicken Find" that sorts data based on the queries inputted by the user. Plaintiff contends that he obviously produced these exhibits because Defendant asked him at his deposition, "I believe some of the documents that you have produced pertain to accounting records, if that's a fair phrase, Quick Books or something of that sort that you used for various money transactions that may relate to this case?" (Mot. for Recons. 4:8–25, ECF No. 354.) However, all that this deposition question shows is that Plaintiff produced some Quicken accounting records to Defendant; it does not show that Plaintiff necessarily produced the records that Plaintiff is trying to introduce as Exhibits 16 and 18 here. This is insufficient to prove, over Defendant's objections, (*see* Resp. to Mot. for Recons. 5:21–23, 6: 14–15, ECF No. 357), that Plaintiff did, in fact, produce these records. These exhibits are therefore still excluded from trial.

Exhibit 23(29): This exhibit contains a number of patents downloaded from the U.S. Patent and Trademark Office. Although Defendant still contends that these documents were not

properly produced, he allows that, as long a proper foundation is laid for these patents, he "will most likely have no objection to their use at trial to permit the jury to understand the methodology of how these games were played." (Resp. to Mot. for Recons. 7:10–15, ECF No. 357.)  Accordingly, the Court withdraws its order to exclude Exhibit 23(29) from trial.

Exhibits 30(35) and 63(63):  These exhibits were never formally produced to Defendant, but were attached as an exhibit to Plaintiff's Statement of Material Facts that he filed on August 16, 2007. (Mot. for Recons. 6:5–7, 8:23–34, ECF No. 354; *see* Exs. to Resp. to Mot. for Summ. J., Ex. 26, Ex. 12, Aug. 16, 2007, ECF No. 238.)  Because Defendant was thereby on notice of the documents and should not be surprised by their appearance at trial, Plaintiff's failure to formally disclose them was harmless, and this Court therefore withdraws its order to exclude Exhibits 30(35) and 63(63) from trial.

Exhibit 49(55): Plaintiff contends that this exhibit was produced by Mikohn Gaming Corporation, which is why it bears an MGC stamp. (Mot. for Recons. 6:16–19, ECF No. 354.)  However, that does not actually prove that it was produced to Defendant, particularly because the MGC stamp is, itself, suspect: Mikohn Gaming Corporation appears to generally have used a "MIK" production marking during the course of this litigation and appears to have always used "MIK" on documents it produced to Defendant. (Resp. to Mot. for Recons. 8:2–5, ECF No. 357.)  This exhibit is still excluded.

Exhibit 50(56): Plaintiff contends that this exhibit was produced by Mikohn Gaming Corporation, because it bears the MIK production stamping. (Mot. for Recons. 7:14–19, ECF No. 354.)  However, the exhibit that Plaintiff attached to his Motion to Reconsider in support of this argument—that the document constituting Exhibit 50(56) is Bates marked with an "MIK"—appears to be a different draft of the document that is contained in Exhibit 50(56).  Whereas the

document attached to the Motion to Reconsider has MIK stamping and is dated June 20, 2000, (Mot. for Recons., Ex. C, ECF No. 354), the letter in Exhibit 50(56) is dated June 19, 2000 and has no marking.  This exhibit remains excluded.

Exhibit 51(57):  Plaintiff claims that this exhibit has an MIK stamp, (Mot. for Recons. 7:22–23, ECF No. 354), but the copies he has provided do not.  Further, Plaintiff claims that these documents were produced as MIK000569–000573, (*id.*), though Defendant's copies of MIK000569–000573 show that Plaintiff is mistaken, (*see* Resp. to Mot. for Recons., Ex. D, ECF No. 357).  Plaintiff's proposed exhibit is actually fairly similar to the document produced as MIK0004272, but is not identical.  Take, for example, the bottom of the page labeled MIK0004272 in the produced document.  Located there is a line that reads, "It is proposed that the Definitive Agreement include the following terms:".  That line is not included in the document that Plaintiff seeks to use as Exhibit 51 until the top of the second page.  This document is, therefore, not the same as any document actually produced by Mikohn Gaming Corporation.  Thus, this exhibit remains excluded.

Exhibit 52(58):  This is a document with an MGC stamp that Defendant claims has not been produced to it by any party. (Resp. to Mot. for Recons. 8:16–18, ECF No. 357.)  Plaintiff has failed to present evidence that it was actually produced; therefore, it remains excluded.

Exhibit 53(59): Plaintiff claims that he produced this exhibit under the alternate numbering of MIK0003361–MIK0003369, explaining that MIK0003361–MIK0003369 was nine pages long and titled  "Settlement Agreement between Don Jones and Mikohn Gaming Corporation," just as the proposed exhibit is nine pages and concerns a settlement agreement with Don Jones. (Mot. for Recons. 8:7–12, ECF No. 354).  However, Plaintiff misses that MIK0003361–MIK0003369 is dated June 20, 2000, (Mot. for Recons., Ex. E, ECF No. 354),

whereas his proposed exhibit is dated June 23, 2000.  Further, Plaintiff fails to note that his exhibit is a memorandum that was written following a Board of Directors meeting, not a "Settlement Agreement" as MIK0003361–MIK0003369 appears to have been, (*see id.*).  This exhibit remains excluded.

Exhibit 54(60):  This is a four-page document where the first page—labeled "Page 4 of 4," though there are no other pages in the exhibit labeled in a similar manner —is the only one with any stamping at all, and that is an MGC stamping.  This exhibit remains excluded.

Exhibits 61(68); 62(62); and 64(64):  Defendant acknowledges in his Response that these exhibits are copies of documents produced by Mikohn Gaming Corporation using the "MIK" Bates stamp. (Resp. to Mot. for Recons. 8:5–6, Ex. E, ECF No. 357.)  As such, Defendant was on notice of these exhibits and should not be surprised by their appearance at trial.  Plaintiff's explanation for why he did not disclose these documents—that he believed he did not have to, so long as another party did—is fairly understandable, particularly for a *pro se* party.  The Court therefore withdraws its order to exclude them.

Exhibit 71(84):  This exhibit was not produced to Defendant by Plaintiff until July 28, 2010. (Reply to Resp. to Mot. in Limine 8:8–11, ECF No. 344.)  However, by Defendant's admission, it was in a series of documents produced by Mikohn Gaming Corporation. (*Id.*)  For the reasons stated in the paragraph above, the Court withdraws its order to exclude this exhibit.

    d.  **Nature of rulings *in limine***

It is worth reemphasizing that *in limine* rulings "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41(1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated

manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Reconsider with regard to Exhibits 45(52); 46(52); 69(77); 60(67); 13(19); 14(20); 15(21); 23(29); 30(35); 63(63); 61(68); 62(62); 64(64); and 71(84) is GRANTED; therefore, the Court withdraws its Order that they be excluded from trial. These exhibits are still subject to all relevant objections at trial.

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Reconsider is DENIED with regard to all other exhibits Plaintiff sought to have reconsidered.

DATED this 20th day of August 2010.

_____
Gloria M. Navarro
United States District Judge